**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| DANIEL E. FERREIRA<br>d/b/a THE MEADOW-LARKS,<br>Plaintiff<br><br>v.<br><br>NIGHT LIFE ENTERTAINMENT<br>WITH MARK BEDROSSIAN, INC.<br>and MARK BEDROSSIAN,<br>In His Individual Capacity,<br>Defendants | : | CA 07 197S<br>C.A. No: ________ |

## COMPLAINT

### Nature of the Action

1. Daniel E. Ferreira d/b/a The Meadow-Larks brings this action for copyright infringement under the United States Copyright Act, 17 U.S.C. § 101 et seq., for trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for violations of his rights under the common law, for the recovery of damages and for injunctive relief, due to what appears to have been intentional copying of the plaintiff's creative work.

### The Parties

2. Daniel E. Ferreira is an individual residing in Attleboro, Massachusetts, who writes, arranges, composes, and performs music of many diverse varieties. Mr. Ferreira configures, conducts, leads, and manages musical orchestras and ensembles that publicly perform under the name "The Meadow-Larks." The Meadow-Larks was founded in approximately 1967. Under Mr. Ferreira's direction and control, The Meadow-Larks has achieved notoriety and success as a musical performance group, and regularly play shows, concerts, weddings, parties and corporate functions throughout New England, New York

State, and beyond.

3. Defendant Night Life Entertainment With Mark Bedrossian, Inc. ("Night Life") is a Rhode Island corporation with a principal place of business at 65 Carlton Avenue, Warwick, Rhode Island.

4. Defendant Mark Bedrossian ("Bedrossian") is a resident of Warwick, Rhode Island and, upon information and belief, resides at the Carlton Avenue address. Bedrossian is the president and sole director of defendant Night Life. Upon information and belief, Bedrossian owns all shares of defendant Night Life.

5. Bedrossian and Night Life are together engaged in the provision of public performance and recorded music under the name "Night Life Orchestra." Like The Meadow-Larks, the Night Life Orchestra performs and solicits bookings for shows and performances in Massachusetts, Rhode Island, and beyond.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367 in that this is an action for copyright infringement, trademark infringement, and unfair competition.

7. Venue is proper under 28.U.S.C. §§ 1400(a) and 1391(b).

8. The defendants live and/or exist in and solicit and/or conduct business in and within the State of Rhode Island so as to be subject to this Court's *in personam* jurisdiction.

## Relevant Facts

9. In 2001, Mr. Ferreira retained the services of a professional graphics artist to design and create certain marketing materials for The Meadow-Larks. Among the materials created was a brochure compact disk holder to be distributed to prospective customers

including individuals, show venues, and booking agents (the "Meadow-Larks CD Holder"). The Meadow-Larks CD Holder is a unique and wholly original creation designed specifically for The Meadow-Larks.

10. A true and accurate image of the front cover of the Meadow-Larks CD Holder is shown below:



Full-size images of the Meadow-Larks CD Holder are attached to this *Verified Complaint* as *Exhibit A*. Mr. Ferreira began distributing copies of the Meadow-Larks CD Holder in approximately the Summer of 2001.

11. Mr. Ferreira claims exclusive rights in and to the Meadow-Larks CD Holder and applied for registration for copyright in the same. The United States Copyright Office issued a Certificate of Registration for the Meadow-Larks CD Holder, Reg. No. VA 1-197-948, on March 7, 2003. A true and accurate copy of the Certificate of Registration for the Meadow-Larks CD Holder is attached hereto as *Exhibit B.*

12. The Meadow-Larks CD Holder bears a distinctive trade dress, which consists of the overall appearance of the work, the design, and the included text, which includes the tag line "Our Sound Is Our Success."

13. Upon information belief, the distinctive trade dress displayed on the Meadow-Larks CD Holder is inherently distinctive to the public, and serves primarily as a designator of origin of the services emanating from or sponsored or licensed by Ferreira.

14. As a result of the widespread use and display of the plaintiff's distinctive trade dress: (a) the public and the trade use them to identify and refer to The Meadow-Larks; (b) the public and the trade recognize that such designations refer to a high quality service emanating from a single source; and (c) said trademark and trade dress have built up secondary meaning and extensive goodwill.

**Defendants' Infringements**

15. At some time after the design and creation of the Meadow-Larks CD Holder, Bedrossian, without permission, copied and began distributing a CD holder for the Night Life Orchestra that is virtually identical to the Meadow-Larks CD Holder, save for the substitution of a few words and symbols. A true and accurate image of the "Night Life CD Holder" is shown below:




16. The Night Life CD Holder embodies all of the distinctive and creative

elements of the Meadow-Larks CD Holder, including the image selection, placement, layout, text selection, colors, and even fonts. Depicted below are accurate side-by-side images of the front and rear sides of the Meadow-Larks CD Holder and the Night Life CD Holder:



Meadow-Larks CD Holder - Front




Night Life CD Holder - Front



Meadow-Larks CD Holder - Back




Night Life CD Holder - Back

17. Like the outside covers, the inside of the CD holders are virtually identical:

*"From a simply stylish Piano Solo to the Big Band sound of Glenn Miller... and everything in between."*

Any combination of vocalists and /or instrumentalists including but not limited to:

- Contemporary Wedding Band
- Swing (8 pieces)
- Big Band (13-19 pieces)
- Vocalist
- Trumpeter
- Brass Quintet
- Chamber Ensemble
- Harpist / Pianist
- Concert Band (23-28 pieces)
- Dixieland
- German Band
- Marching Band



Our musical library draws from hundreds of artists. Special arrangements can be made for nearly any song.

Request our song list.

A Proud Member of the Attleboro Area Chamber of Commerce

***Our Sound is Our Success***

The Meadow-Larks Organization has been performing fine live music since 1966. Our sound is our success. We provide soloists, chamber music, small combos, concert bands, parade bands, and especially for ballroom dancing, we proudly feature our 18 piece swing band, resonating an authentic Big Band Sound.

Consider us for an unforgettable wedding, cocktail party, corporate function or festival.

Call us for ideas to make your fundraiser a success.

**Testimonial -**

*" My wedding was even more special thanks to the Meadow-Larks."*

Joan Dupre

**Testimonial -**

*" My guests danced the night away, everyone had a great time!"*

Linda Silva

**Testimonial -**

*" The Meadow-Larks turned our sales meeting into a memorable function. Now our team looks forward to our next assembly."*

Bob Hinton

***Music the way it should be... LIVE!***

Call Toll Free: **(866) 226-4693**

or Email Us on the Internet at: **dan@themeadowlarks.com**

Visit our website at: **themeadowlarks.com**

43 Pioneer Circle, Attleboro, MA 02703-6500

*"From a simply stylish Piano Solo to the Big Band sound of Glenn Miller... and everything in between."*

Any combination of vocalists and/or instrumentalists including but not limited to:

- Contemporary Wedding Band
- Swing (6 pieces)
- Big Band (12-16 pieces)
- Vocalist
- Trumpeter
- Bass Quintet
- Chamber Ensemble
- Harpist/Pianist
- Concert Band
- Dixieland
- German Band
- Marching Band



Our musical library draws from hundreds of artists.

All printing rights are reserved by Night Life Entertainment

***Our Sound is Our Success***

The Night Life Orchestra has been performing fine live music since 1988. Our sound is our success. We provide soloists, chamber music, small combos, concert bands, parade bands, and we proudly feature our 13 piece big band. Consider us when planning your wedding, cocktail party, corporate function or festival. Call us for ideas to make your fundraiser a success.

**Testimonial –**

*"Please express my deepest thank you to members of the orchestra for an outstanding performance. The reviews of the evening have been nothing short of great. That, in part, is due to the role the orchestra played in creating the elegant mood."*

Joan T. Segersen
Director of Development
Roger Williams Medical Center

**Testimonial –**

*"I can't imagine working with anyone as flexible, as understanding, as accommodating, and as soothing to the nervous host and hostess as you. We made so many special requests and you rose to each one as if it were nothing, all of which confirms the essential truth: hire the best! We did and we're very grateful to you all. The reviews have been spectacular and every one has singled out the Night Life Orchestra for special mention."*

Art Weekly and Sam Chadwick
Co-Chairs, Centennial Commodores' Ball
Newport Yacht Club

**Testimonial –**

*"You and your band members are true professionals and we all appreciate the consistently outstanding performances that you provide."*

Gail Alofsin
Newport Yachting Center

***Music the way it should be...LIVE!***

Call: **(401) 941-3700**

*Night Life Entertainment*
*P.O. Box 9677*
*Warwick, RI 02889*

*Night Life Entertainment*
*P.O. Box 9677*
*Warwick, RI 02889*

18. Likewise, except for the text, the design of the CD labels themselves, including photo montage, musical staff, and even name font, is virtually identical:





True and accurate images of the Night Life CD Holder are attached hereto as Exhibit C.

19. Upon information and belief, Bedrossian and Night Life are promoting, marketing, offering for sale and selling their services distributing and utilizing the infringing CD holders and compact disks in an effort to mislead and confuse prospective purchasers and to falsely designate the source of origin of their services. Upon information and belief, defendants' actions are part of a deliberate attempt to divert sales away from plaintiff.

20. Upon information and belief, plaintiff's services and Bedrossian's and Night Life's services are marketed and sold in the same channels of trade.

21. The actions of Bedrossian and Night Life as alleged in connection with the publication and distribution of the infringing material is intended and likely to cause confusion, mistake or deception as to the source of origin of plaintiff's services in that the public, the trade, and others are likely to believe that Bedrossian and Night Life's services are the same as plaintiff's or are authorized, sponsored or approved by plaintiff, or are

otherwise affiliated or connected with plaintiff and/or its valuable trademarks and trade dress.

22. Bedrossian's and Night Life's actions as alleged have caused and will continue to cause irreparable harm to plaintiff and its valuable trademarks and trade dress, and to the business and substantial goodwill represented thereby, and said acts and damage will continue unless restrained by this Court.

**COUNT ONE**
**COPYRIGHT INFRINGEMENT**

23. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs as though fully set forth herein.

24. Upon information and belief, Bedrossian and Night Life, with knowledge of plaintiff's rights in and to its work, and with disregard therefore, alone or in concert with others, copied the Meadow-Larks CD Holder and has engaged in the manufacture, purchase, importation, distribution, promotion, and/or sale of the infringing Night Life CD Holder and related materials.

25. Bedrossian and Night Life had access to plaintiff's Meadow-Larks CD Holder prior to its unauthorized copying and were on notice of plaintiff's claimed ownership of and rights in and to the Meadow-Larks CD Holder.

26. Bedrossian and Night Life copied or caused to be copied certain distinctive and protectable elements of the Meadow-Larks CD Holder and deliberately and without plaintiff's permission caused such to be reproduced, manufactured, and/or distributed.

27. The Night Life CD Holder is identical or substantially similar to the Meadow-Larks CD Holder.

28. Bedrossian, Night Life, and/or others have engaged in the manufacture,

marketing, distribution, and/or sale of the Night Life CD Holder and/or related works. Such conduct and activities were unauthorized and constitute copyright infringement under the United States Copyright Act, 17 U.S.C. § 101 et seq.

29. Upon information and belief, Bedrossian, Night Life, and/or others have derived substantial revenue from the distribution of the infringing work as cited herein, which revenue Bedrossian and Night Life are not entitled to retain.

30. Defendants' activities have been and, to the extent they continue, will be willful within the meaning of the Copyright Act.

31. As a direct and proximate result of defendants' infringing activities, plaintiff has been damaged and continues to be damaged, and has no adequate remedy at law.

32. By their actions alleged herein, Bedrossian, Night Life, and/or others have willfully infringed and willfully continue to infringe plaintiff's copyright in and related to the Meadow-Larks CD Holder by deliberately reproducing, manufacturing, and distributing articles that are copied from, and identical and/or substantially similar to, the plaintiff's works.

33. Plaintiff is further entitled to an injunction restraining the defendants, their officers, agents, and employees from engaging in such further acts in violation of the Copyright Act.

**COUNT TWO**
**TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN**

34. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs as though fully set forth herein.

35. Defendants' acts as alleged constitute trademark infringement, false

designation of origin, false representation and false description in violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a), all to the substantial and irreparable injury of the public and of plaintiff's business reputation and goodwill.

36. Upon information and belief, by such wrongful acts, Night Life and Bedrossian have and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Ferreira and to the goodwill associated with the trademarks, including diversion of customers, lost sales and lost profits.

37. Plaintiff has no adequate remedy at law.

**COUNT THREE**
**TRADE DRESS INFRINGEMENT**

38. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs as though fully set forth herein.

39. Bedrossian's and Night Life's unauthorized use of plaintiff's trade dress on the infringing CD holders and perhaps elsewhere renders the infringing articles confusingly similar to the trade dress used by plaintiff in the marketing, distribution, and sale of its services and constitutes trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, to the substantial and irreparable injury of the public and of plaintiffs business reputation and goodwill.

40. Upon information and belief, by such wrongful acts, Bedrossian and Night Life have and unless restrained by the Court will continue to cause serious irreparable injury and damage to plaintiff and to the goodwill associated with its distinctive trade dress, including diversion of customers, lost sales and lost profits.

**COUNT FOUR**
**UNFAIR COMPETITION**
**VIOLATION OF MASSACHUSETTS CHAPTER 93A**

41. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs as though fully set forth herein.

42. In relation to the actions and business of plaintiff as described in this action, plaintiff is engaged in the conduct of trade and commerce.

43. Defendants are engaged in the conduct of trade and commerce.

44. The Meadow-Larks CD Holder work was designed and created in Massachusetts. Upon information and belief, defendants' misappropriation of the same occurred in Massachusetts, and a substantial portion of the acts upon which the allegations are based occurred primarily and substantially within Massachusetts.

45. The actions of Bedrossian and Night Life as herein described constitute unfair methods of competition and unfair and deceptive acts and practices within the meaning of Massachusetts General Laws, Chapter 93A, M.G.L. Ch. 93A §1 et seq., and defendants are liable under M.G.L. Ch. 93A §11.

46. As a direct and proximate result thereof, plaintiff has been damaged.

47. The acts and actions of defendants were willful and knowing violations of M.G.L. Ch. 93A §1 et seq. entitling plaintiff to not less than two and up to three times his actual damages, as such actual damages will be proven at trial.

**COUNT FIVE**
**COMMON LAW UNFAIR COMPETITION**

48. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs as though fully set forth herein.

49. Defendant's aforementioned acts constitute unfair competition under the common law.

50. Plaintiff has been damaged by the defendant's aforementioned acts.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for an order of the Court:

A. Granting a preliminary and permanent injunction restraining Bedrossian and Night Life, and their or its officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with them, from:

1. infringing plaintiff s copyright, trademark and trade dress rights; and
2. unfairly competing with plaintiff;

B. Directing Bedrossian and Night Life to use their best efforts to recall from the trade and other third parties any and all infringing products and all promotional, marketing, and advertising materials used in connection therewith;

C. Directing Bedrossian and Night Life to file with the Court and serve on counsel for plaintiff, within thirty days after entry of any injunction issued by the Court in this action, a sworn statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which Bedrossian and Night Life have complied with the injunction;

D. Directing Bedrossian and Night Life to deliver up to plaintiff for destruction or other disposition, within thirty days of the entry of final judgment herein, any and all infringing products and all promotional, marketing, and advertising materials used in connection therewith, now or hereafter in its possession, custody, or control;

E. Directing Bedrossian and Night Life to account to plaintiff for any and all profits derived by Bedrossian and Night Life from the sale of goods or Services bearing the infringing trademark or trade dress;

F. Awarding plaintiff all amounts recoverable under 17 U.S.C. § 501 et seq., including all damages suffered by plaintiff as a result of defendants' infringing acts, and all profits derived from defendants' wrongful acts in an amount to be determined at trial;

G. Awarding plaintiff its reasonable attorneys' fees as the prevailing party as provided by 17 U.S.C. § 505;

H. Awarding plaintiff a monetary judgment against Bedrossian and Night Life for plaintiff's damages and Bedrossian's and Night Life's profits pursuant to 15 U.S.C. § 1117;

I. Trebling the amount of such award on account of Bedrossian's and Night Life's willful, intentional, and bad faith conduct pursuant to 15 U.S.C. § 1117;

J. Awarding plaintiff his reasonable attorneys' fees, costs, and disbursements incurred herein in view of Bedrossian's and Night Life's intentional and willful infringement, pursuant to 15 U.S.C. § 1117; and

K. Awarding plaintiff such other and further relief as the Court may deem just and proper.

Dated: May 29, 2007

DANIEL E. FERREIRA
d/b/a THE MEADOW-LARKS
By His Attorneys,

Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)