IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DANIEL E. FERREIRA<br>d/b/a THE MEADOW-LARKS,<br>Plaintiff<br><br>v.<br><br>NIGHT LIFE ENTERTAINMENT<br>WITH MARK BEDROSSIAN, INC.<br>and MARK BEDROSSIAN,<br>In His Individual Capacity,<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 07-197 S |

**PLAINTIFF'S**
**INITIAL PRETRIAL CONFERENCE STATEMENT**

## I. Introduction

Pursuant to the Notice of the Court dated June 19, 2007, and in anticipation of the Pretrial Conference scheduled in this matter for July 13, 2007, the plaintiff, Daniel E. Ferreira d/b/a The Meadow-Larks ("Ferreira") files this Pretrial Conference Statement.

Ferreira alleges copyright infringement against in relation to the defendants' obvious copying and distribution of an original advertising brochure and CD holder for which Ferreira has a valid copyright registration. This action is based on the United States Copyright Act, 17 U.S.C. § 101 et seq., and on Ferreira's common law rights, and seeks damages and injunctive relief for what was, undeniably, intentional copying of Ferreira's work. The infringing works also infringes unregistered trademarks claimed by the plaintiff; Ferreira therefore also alleges violation of the Lanham Act, 15 U.S.C. § 1125 et seq.

## II. Factual Basis of Claims

Plaintiff and the defendants are engaged in the provision of commercial music services. In 2001, Ferreira commissioned the creation and production of an original

advertising brochure including a musical CD holder and label, for his musical group, The Meadow-Larks. Some time after plaintiff began using its original work, the defendants obtained and apparently directly copied the work, and began distributing the infringing work to the public to promote and advertise defendants' musical group, the Night Life Orchestra. A side-by-side comparison of various views of the works is shown below:




Meadow Larks CD Brochure - Front




Night Life CD Brochure - Front




Meadow-Larks CD Brochure - Back




Night Life CD Brochure - Back




Meadow-Larks CD Brochure - Inside




Night Life CD Brochure - Inside




Meadow-Larks CD Label




Night Life CD Label - Inside

Plaintiff obtained registration of its CD brochure from the United States Copyright Office.

## IV. Elements Plaintiff Must Prove

### Copyright Infringement

In order to succeed on a claim of copyright infringement, a plaintiff must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work." *Calvin R. Johnson v. Allen Gordon, Jr.*, 409 F.3d 12 (1st Cir. 2005), *quoting Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 1296, 113

L.Ed.2d 358 (1991). A plaintiff must also prove "that the copying of copyrighted material was so extensive that it rendered the … works substantially similar." *Yankee Candle Company, Inc. v. Bridgewater Candle Co.*, 259 F.3d 25, 33 (1st Cir. 2001), *citing Segrets, Inc. v. Gillman Knitware Co.*, 207 F.3d 56, 60 (1st Cir. 2000). The essential elements of a copyright case are therefore (1) ownership, (2) copying of protectible elements, and (3) substantial similarity. Because Ferreira has a copyright registration over the work at issue, plaintiff has a presumption of ownership. *Id.*

Plaintiff need not rely on direct evidence of copying. Copying may, in an appropriate case, be inferred from a showing that a defendant had access to the copyrighted work and that the allegedly infringing work is substantially similar:

> [A plaintiff] may either present direct evidence of factual copying or, if that is unavailable, evidence that the alleged infringer had access to the copyrighted work and that the offending and copyrighted works are so similar that the court may infer that there was factual copying (i.e., probative similarity). The plaintiff must then prove that the copying of copyrighted material was so extensive that it rendered the offending and copyrighted works substantially similar.

*Lotus Development., supra*, 49 F.3d at 813. In this matter, plaintiff submits that the infringing works are direct copies of the copyrighted works, infringing the protected elements of plaintiff's work and raising an inference of intentional copying.

**Trademark and Trade Dress Infringement**

The Lanham Act provides a cause of action to one who claims injury from a person who uses "any word, term, name, symbol, or device, or any combination thereof ... which ... is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods...." 15 U.S.C. § 1125(a)(1)(A).

In order to prevail on a claim of trademark or trade dress infringement, the plaintiff must show (1) that it holds and utilizes valid trademark rights, (2) that the defendants are using the same or a similar mark, and (3) that the defendants' use is likely to cause confusion to the consuming public, thereby harming the plaintiff. *DeCosta v. Viacom International, Inc.*, 981 F.2d 602, 605, 25 U.S.P.Q.2d 1187 (1st Cir. 1992). The second and third elements, similarity of marks and likelihood of confusion, are often considered together, and likelihood of confusion is the touchstone of most infringement cases. In the First Circuit, eight factors are to be weighed:

> (1) the similarity of the marks; (2) the similarity of the goods (or, in a service mark case, the services); (3) the relationship between the parties' channels of trade; (4) the relationship between the parties' advertising; (5) the classes of prospective purchasers; (6) evidence of actual confusion; (7) the defendant's intent in adopting its mark; and (8) the strength of the plaintiff's mark.

*The Beacon Mutual Ins. Co. v. Onebeacon Insurance Group,* 376 F.3d 8, 15 (1st Cir. 2004); *International Association of Machinists and Aerospace Workers, AFL-CIO, et al. v. Winship Green Nursing Center, et al.*, 103 F.3d 196, 201 (1st Cir. 1996). The factors are "meant to be used as guides," and "no one listed factor is determinative." *Id.*

**Violation of Massachusetts Chapter 93A**

In order to constitute a violation of Chapter 93A, plaintiff must prove that plaintiff and defendants are engaged in the conduct of trade and commerce, that the acts complained of constitute unfair and deceptive trade practices, and that a substantial portion of the acts upon which the allegations are based occurred primarily and substantially within Massachusetts. Massachusetts General Laws, Chapter 93A, M.G.L. Ch. 93A §1 et seq. The Meadow-Larks CD brochure work was designed and created in Massachusetts, and, upon information and belief, defendants' misappropriation of the same occurred in

Massachusetts.

Dated: July 11, 2007

DANIEL E. FERREIRA
d/b/a THE MEADOW-LARKS
By His Attorneys,

Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 11, 2007, I served a copy of the foregoing via Facsimile and First Class Mail to: Mitchell S. Riffkin, Esq., 631 Jefferson Blvd., Warwick, RI 02886.

TRN/